Rel: July 2, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

### CL-2025-0679

_____

### T.L.L.

#### v.

### K.L.H.

_____

### CL-2025-0735

_____

### K.L.H.

#### v.

### T.L.L.

### Appeals from Mobile Juvenile Court
### (CS-22-900489)

CL-2025-0679; CL-2025-0736

PER CURIAM.

T.L.L. ("the father") and K.L.H. ("the mother") separately appeal from a judgment entered by the Mobile Juvenile Court ("the juvenile court"), regarding the paternity and custody of their child, who was born out of wedlock in April 2020. We dismiss the appeals.

> "It is well settled that 'subject-matter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.' C.J.L. v. M.W.B., 868 So. 2d 451, 453 (Ala. Civ. App. 2003); see, e.g., Ex parte Norfolk S. Ry. Co., 816 So. 2d 469, 472 (Ala. 2001) ('We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us.'). A judgment entered by a court that lacks subject-matter jurisdiction is void. See C.J.L., 868 So. 2d at 454; see also J.B. v. A.B., 888 So. 2d 528 (Ala. Civ. App. 2004)."

S.B.U. v. D.G.B., 913 So. 2d 452, 455 (Ala. Civ. App. 2005).

The father initiated this action in the juvenile court. "'Juvenile courts are purely creatures of statute and have extremely limited jurisdiction.' T.B. v. T.H., 30 So. 3d 429, 431 (Ala. Civ. App. 2009)." K.W.N. v. H.G.T., 30 So. 3d 437, 442 (Ala. Civ. App. 2009). Section 12-15-114(a), Ala. Code 1975, provides:

> "A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in

2

need of supervision. A dependency action shall not include a custody dispute between parents."

Additionally, § 26-17-104, Ala. Code 1975, provides, pertinent part:

> "A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to [the Alabama Uniform Parentage Act, § 26-17-101 et seq., Ala. Code 1975,] and may determine issues of custody, support, and visitation incidental to a determination of parentage."

See also Ex parte S.C.S., 413 So. 3d 756, 759 (Ala. Civ. App. 2024).

The father in his petition did not allege that the child is dependent; therefore, the juvenile court could not have derived jurisdiction from § 12-15-114(a). G.W.K. v. B.W.M., 387 So. 3d 1126, 1132 (Ala. Civ. App. 2023) (recognizing that "to invoke the dependency jurisdiction of a juvenile court, a party must allege specific facts in its petition indicating that a child is a 'dependent child' as defined in § 12-15-102(8)a.[, Ala. Code 1975]"). The father did allege that he had executed an acknowledgment of paternity,[1] but he did not ask the juvenile court to adjudicate paternity. Therefore, the father's petition did not invoke the

---

[1]The record does not include a copy of the father's acknowledgment of paternity. The juvenile court, in its judgment, found that "[t]his case involves a presumed father by virtue of a valid acknowledgment of paternity filed with the office of vital statistics."

3

juvenile court's subject-matter jurisdiction, pursuant to § 26-17-104.

A fair reading of the father's petition reveals that the father sought only an award of custody of the child, subject to the mother's visitation. The juvenile-court clerk reached the same determination and designated the action as a CS action. A juvenile court "judge ha[s] no jurisdiction to adjudicate custody of the child in the juvenile court once he determine[s] that the case [is] not a dependency [or paternity] case." T.B. v. T.H., 30 So. 3d at 433. See also J.A.P. v. M.M., 872 So. 2d 861, 866 (Ala. Civ. App. 2003) ("Determinations of child custody are matters within the discretion of the [circuit] court.").

Nevertheless, the juvenile court, in its judgment entered on July 15, 2025, found that it was exercising subject-matter jurisdiction over this action pursuant to a standing order entered by the presiding judge of the Mobile Circuit Court appointing the juvenile-court judge as a special circuit-court judge with the authority to hear such cases.

In L.R.S. v. M.J., 229 So. 3d 772, 779 (Ala. Civ. App. 2016) (opinion on application for rehearing), we examined whether a standing order could enlarge a juvenile court's jurisdiction "to include all nondivorce child-custody and visitation cases, even those … that do not fall within

4

the statutory jurisdiction of a juvenile court." We rejected the appellant's argument that the juvenile court had the authority to enter a custody determination, concluding that the presiding circuit-court judge's standing order had no legal effect. We explained:

> "We do not believe Rule 13(A)[, Ala. R. Jud. Admin.,] authorizes the standing order ... because it 'affects' the jurisdiction of the Mobile Juvenile Court in a manner that violates the constitutional limitation on the judicial rule-making power, and, hence, we find the standing order to be void ab initio. See Ex parte Ward, 540 So. 2d 1350 (Ala. 1988) (holding resolution and order promulgated by supreme court that violated constitutional prohibition against suspension of laws to be void ab initio).
>
> "... Because we have determined that the standing order lacks any legal effect, we conclude that [the juvenile-court judge] was not acting as a properly appointed circuit-court judge when he entered the judgment."

Id. Additionally, to the extent that the juvenile-court judge's appointment may have been made pursuant to § 12-1-14.1, Ala. Code 1975,[2] we note that the juvenile-court judge's appointment could

---

[2]Section 12-1-14.1(a), provides, in pertinent part, that

"the presiding circuit court judge of the circuit may appoint and commission a special circuit court judge, special district court judge, or special judge of probate for temporary service. ... The appointment shall confer on the special judge all powers, authority, and jurisdiction of the judgeship to which he or she is appointed."

5

authorize the juvenile-court judge to serve as a special circuit-court judge only for 180 consecutive days and the record does not include orders indicating successive appointments.

As we held in L.R.S., subject-matter jurisdiction is determined solely by the Alabama Constitution and statutory law, not administrative orders. Thus, the standing order referenced in the juvenile court's judgment cannot enlarge the juvenile court's subject-matter jurisdiction. Consequently, like the juvenile court in L.R.S., the juvenile court in this case never acquired jurisdiction over the action.

Because the father's petition did not invoke the juvenile court's subject-matter jurisdiction, all subsequent determinations by the juvenile court are void.[3] See Double B Country Store, LLC v. Alabama Dep't of Transp., 171 So. 3d 28, 31 (Ala. Civ. App. 2015)("[I]f a complaint fails to invoke the subject-matter jurisdiction of a trial court, the trial

---

Section 12-1-14.1(b), defines "temporary service" as not more than 180 consecutive days and authorizes the reappointment of a special judge "for more than one period of 180 consecutive days."

[3]We recognize that the mother filed a counterclaim requesting that the juvenile court determine paternity. That pleading, however, was in response to a legal nullity and had no effect.

court 'has no power to take any action other than to dismiss the complaint.' Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 26 (Ala. 2007)."); A.E. v. M.C., 100 So. 3d 587, 595 (Ala. Civ. App. 2012) ("'The absence of subject-matter jurisdiction renders void any judgment entered in the action.' Moore v. John Hancock Life Ins. Co., 876 So. 2d 443, 448 (Ala. 2003).").

"A void judgment will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment." Reed v. White, 80 So. 3d 949, 953 (Ala. Civ. App. 2011). See also Colburn v. Colburn, 14 So. 3d 176, 179 (Ala. Civ. App. 2009); and Vann v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008). Accordingly, we dismiss these appeals, and we instruct the juvenile court to vacate its July 25, 2025, judgment.

CL-2025-0679 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2025-0735 -- APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, Fridy, and Bowden, JJ., concur.